## SNOWDEN v FULTON

Ohio Appeals, 3rd Dist, Union Co

No 153.  Decided May 23, 1934

Richard C. Thrall, Marysville, for plaintiff.

F. A. McAllister, Richwood, for defendant.

## OPINION

### By KLINGER, J.

Under these facts and circumstances, is the court justified in concluding that either the receiver C. B. Snowden or the bank, intended to create a liability different from that of the ordinary commercial or general depositor, which is that of debtor and creditor.

The form of the pass book itself as well as the other facts in evidence conclusively show that the original deposit as well as subsequent deposits, were made without intention on the part of the receiver or the bank, to create a liability different from that created by an ordinary checking account, of debtor and creditor. The question then presents itself, do the facts in this case justify the claim that C. B. Snowden, receiver, is entitled to a preference for the balance of his bank account which was deposited as a commercial checking account.

Counsel for plaintiff rely largely on the case of **Smith v Fuller, 86 Oh St 57.** In that case the trustees of the savings company in liquidation, made two separate deposits on certificates of deposit bearing no interest. Certificates of deposit are ordinarily interest bearing. On the other hand, checking accounts do not ordinarily bear interest. The deposit in the Smith-Fuller case was neither an interest bearing deposit nor a non-interest bearing checking account, and the court held that the bank was by this fact as well as other facts in evidence put upon inquiry as to the character of these deposits and as there was a presumption that the trustees would not in violation of their duties make a general deposit, which was unauthorized, the deposits were special deposits and the trustees therefore entitled to preference.

In the case at bar, the deposits were made as shown by defendant's Exhibit A, in the ordinary commercial deposit account, and

the pass book itself showed that the relation of debtor and creditor was created between the bank and the depositor. And this deposit account constituted a series of transactions both of deposits of cash and checks and withdrawals by check up until the time of the closing of the bank. In other words, in this case the account was in its nature and form, just the ordinary commercial account. This was not the situation in the case of Smith v Fuller.

Furthermore, in the case of Smith v Fuller, there was no court order in any way authorizing the trustee to make a general deposit of trust funds, while in the case at bar the order appointing the receiver contained a provision to the effect that the receiver should file quarterly reports of all receipts and disbursements made by him together with vouchers and cancelled checks of all money expended. As the receiver would not have any cancelled checks to file unless he opened a general deposit account, the order as made necessarily implied authority in the receiver to open such account. This conclusion is supported by the text in 7 Corpus Juris, 630, that a fund that is subject to check implies that it is a general deposit and not a special deposit.

We therefore hold that the funds remaining in the account of the receiver in the bank at the time it closed constituted a general deposit in the bank and that the receiver is not entitled to a preference therefor. A decree may be entered accordingly.

CROW, PJ, and GUERNSEY, J, concur.